# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# CLEVELAND DIVISION

| | |
|---|---|
| KRISTINA M. ANGLE, individually and on behalf of a class of similarly situated individuals, <br><br> Plaintiff, <br> v. <br><br> MIDLAND CREDIT MANAGEMENT, INC., <br><br> Defendant. | Case No. 1:20-cv-01500 <br><br><br> **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff KRISTINA M. ANGLE, individually and on behalf of a class of similarly situated individuals, by and through her counsel, James C. Vlahakis, asserts the following claims against Defendant MIDLAND CREDIT MANAGEMENT, INC.

### Parties, Jurisdiction and Venue

1. At all times relevant to this Complaint, the Plaintiff was a citizen of, and otherwise resided in this federal district in Ohio.

2. Plaintiff has filed this civil action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*.

3. Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM") is incorporated in the State of Kansas and maintains its principal place of business San Diego, California 92108.

4. MCM is a debt collector as defined by Section 1692a(6) of the FDCPA because MCM routinely uses the United States Postal Service for the collection of consumer debts AND its principal purpose is the purchase of and collection of consumer debts.

5. Subject matter jurisdiction exists pursuant to 28 U.S.C. §§1331 and 1337.

1

6. Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because MCM routinely mails collection letters and envelopes to addresses within this District and MCM routinely collects consumer debts in this District.

7. Venue and personal jurisdiction exist in this District pursuant to U.S.C. §§ 1391(b)-(c) and 1441(a) because MCM, as a corporation, is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

8. Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because MCM is subject to personal jurisdiction within this District by virtue of the fact that it has conducted significant and continuous debt purchase and collection activities within this jurisdiction.

### Background Allegations

#### A. The Subject Debt

9. Plaintiff obtained credit (the "Subject Debt") from Capital One, N.A. ("Capital One") in the form of a Union Plus Mastercard Credit Card.

10. Plaintiff incurred the Subject Debt for personal and household expenses.

11. Plaintiff made certain payments towards the Subject Debt, but thereafter, she fell into unforeseeable financial difficulties that rendered her unable to pay off the Subject Debt.

12. The Subject Debt fell into a default status and on or about February 13, 2020, Capital One reportedly charged off the Subject Debt.

13. Sometime after February 13, 2020, Capital One sold the Subject Debt.

#### B. MCM's Collection Efforts Relative to the Subject Debt

14. In an attempt to collect the Subject Debt, MCM sent a letter to Plaintiff dated 05/05/2020 (the "Letter").

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because MCM regarded her as a "person obligated or allegedly obligated to pay" the Subject Debt.

16. MCM mailed or caused the Letter to be mailed to Plaintiff inside of an envelope embossed with the words, "IMPORTANT INFORMATION ENCLOSED" forming a circle and the words "ATTENTION REQUESTED" in the center of the circle, at a slight angle (hereafter the "IMPORTANT INFORMATION ENCLOSED Envelope").

17. A true and accurate image of the envelope is depicted below:



3

18. The IMPORTANT INFORMATION ENCLOSED Envelope listed the code P30 T746 023 to the left of Plaintiff's address.

19. The below image is a close up of the markings on the IMPORTANT INFORMATION ENCLOSED Envelope.



20. When Plaintiff observed the IMPORTANT INFORMATION ENCLOSED Envelope, her attention was immediately drawn to the formatting of words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

21. Plaintiff became nervous, anxious and worried after reading the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

22. As a result of the impact that the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" had on Plaintiff, Plaintiff immediately opened IMPORTANT INFORMATION ENCLOSED Envelope.

23. Plaintiff immediately opened IMPORTANT INFORMATION ENCLOSED Envelope because she was nervous, anxious and worried to learn of the allegedly "IMPORTANT INFORMATION ENCLOSED".

24. Plaintiff immediately opened IMPORTANT INFORMATION ENCLOSED Envelope because she was nervous, anxious and worried to learn why MCM chose to say "ATTENTION REQUESTED" on the face of the IMPORTANT INFORMATION ENCLOSED Envelope.

25. MCM routinely sends collection letters inside of IMPORTANT INFORMATION ENCLOSED Envelopes in an attempt to cause least sophisticated consumers to open the Envelopes, read the enclosed letter and call MCM about the debt.

26. MCM has determined that it collects more money from consumers when it sends letters in IMPORTANT INFORMATION ENCLOSED Envelopes.

27. On information and belief, MCM's research demonstrates that least sophisticated consumers are more likely to open collection letters sent in IMPORTANT INFORMATION

ENCLOSED Envelopes than envelopes that do not contain the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

28. The Letter that was sent inside of the IMPORTANT INFORMATION ENCLOSED Envelope contains the code P30 T746 023 Plaintiff's address.

29. The Letter listed a "Current Balance" of $4,951.90.

30. The body of Letter stated that "[t]his letter is to inform you that MCM is considering forwarding this account to an attorney in your state for possible litigation" followed by a request to pay MCM or call MCM "no later than **5/20/2020**." (Emphasis in original).

31. The payment and call request was followed by the Letter stating

32. that included the following payment proposal:

> We would like to make an arrangement with you to resolve the above referenced account using the following:
> - Bi-weekly payments as lows as $ continuing until paid
>
> These payment opportunities do not alter or amend your validation rights as described in our previous letters to you. Please contact our office at 877-654-129 by 5/20/2020 to take advantage of the above.
>
> \*\*\*
> We are not obligated to renew this offer.

33. A true and acute image of the "Bi-weekly payments" proposal is depicted below:

> We would like to make an arrangement with you to resolve the above referenced account using the following:
> • Bi-weekly payments as low as $ continuing until paid
>
> These payment opportunities do not alter or amend your validation rights as described in our previous letter to you. Please contact our office at **877-654-1129** by 5/20/2020 to take advantage of the above. Once you have completely fulfilled your payment arrangement, you will be released of the obligation. We are not obligated to renew this offer.

34. Plaintiff was confused when she read the "Bi-weekly payments" proposal because the proposal did not contain any identified dollar amount. Instead, the proposal simply said "as low as $ continuing until paid."

6

35. MCM phrase the "Bi-weekly payments" proposal this way to confuse consumers like Plaintiff so as to induce consumers like Plaintiff call MCM to obtain clarification.

36. Plaintiff's confusion as to the nature of the "Bi-weekly payments" was influenced and exacerbated by the fact that IMPORTANT INFORMATION ENCLOSED Envelope was specifically formatted to include the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

37. Inducing consumers like Plaintiff call MCM to obtain clarification (by and through the wording of the IMPORTANT INFORMATION ENCLOSED Envelopes was intended to give MCM an opportunity to pitch payment options on a consumer who may otherwise not call MCM.

38. The Letter contained the phrase "[w]e are not obligated to renew any offers provided."

39. When Plaintiff read the phrase "[w]e are not obligated to renew any offers provided" after the collection letter arrived inside of an envelope embossed with the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED", she was confused by what MCM meant in relation to the "Bi-weekly payments" statement quoted above.

40. Plaintiff did not understand whether to interpret "Bi-weekly payments" and the phrase "[w]e are not obligated to renew any offers provided" to mean that future "Bi-weekly payments" proposals would not be provided.

41. MCM's Letter created a sense urgency as to whether she could or should accept the so-called "Bi-weekly payments" proposal – where the payment proposal did not contain a "Bi-weekly payment amount.

42. The sense of urgency caused by the confusing nature of MCM's letter caused Plaintiff to suffer stress, anxiety and worry.

43. Plaintiff retained legal counsel to help her understand what MCM meant by the phrase "[w]e are not obligated to renew any offers provided" where this phrase was used on debt collection letter that was sent to her in an envelope embossed with the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" where the Letter failed to identify a bi-weekly payment amount.

44. The Letter only stated that MCM would be willing to accept "Bi-weekly payment as low as $ continuing until paid".

45. MCM's use of the IMPORTANT INFORMATION ENCLOSED Envelope violates Section 1692f(8) of the FDCPA which specifically prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

46. Section 1692f(8) contains no exceptions – any extraneous text on the envelope or on the outside of a self-mailer violates 15 U.S.C. § 1692f(8). See, *Preston v. Midland Credit Management, Inc.*, 948 F.3d 772 (7th Cir. 2020)

47. Additionally, as set forth above, the Letter violates Sections 1692e, 1692e(2)(A), 1692e(10) and 1692f of the FDCPA.

48. In particular, he phrase "[w]e are not obligated to renew any offers provided" *has a tendency to misinform* least and unsophisticated consumer with regard to the urgency of accepting one of the proposed settlement offers. As the Honorable Ilana Rover explained in her concurring opinion in the case of *Preston v. Midland Credit Management, Inc.*, 948 F.3d 772 (7th Cir. 2020) the above quoted language improperly "emphasizes and amplifies the creditor's message that it is a time-limited offer." 948 F.3d at 778.

49. According to Judge Rovner:

> I have doubts that this language actually accommodates the competing goals that the *Evory* court identified. In fact, the current safe-harbor language emphasizes and amplifies the creditor's message that it is a time-limited offer. The language is no different from the creditors' language of "limited time offer" or a "time sensitive matter," or "act now," and reinforces the idea that if the debtor does not act immediately, she may lose the opportunity to do so forever. See *Evory,* 505 F.3d at 775. ("The concern is that unsophisticated consumers may think that if they don't pay by the deadline, they will have no further chance to settle their debt for less than the full amount").

*Id.*

50. Judge Rover proposed alternative language and invited a future appeal:

> As such, I propose that this circuit reconsider whether the language of the safe-harbor provision announced in *Evory* realistically honors the goals that the opinion sought. Adding the following two words to the language, undoubtedly would do so more accurately: "We *may, but* are not obligated to, renew this offer."
>
> The safe-harbor language described in the *Evory* decision, however, stands. As the opinion notes, Midland Credit used the language that this circuit sanctioned, and did so appropriately. Consequently, under the current status of our circuit's law, I agree that the district court did not err in dismissing the claims set forth pursuant to section 1692e of the Act. Preston did not raise the question of the safe-harbor language in this case, and therefore this is not the appropriate time to reconsider it, but should it emerge in a future case, I urge the court to reexamine whether this safe-harbor language achieves the intended balance between the interests of creditors and debtors.

*Id.*

51. On information and belief, consumers may have paid their debts as a result of MCM's above violations of the FDCPA.

52. Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

### Causes of Action

**Count I – Individual Claim for Violations of Section 1692f(8) of the FDCPA**

53. Plaintiff realleges the above paragraphs as though fully set forth herein.

9

54. The use of the phrase "IMPORTANT INFORMATION ENCLOSED", "ATTENTION REQUESTED" on the subject Envelopes sent to Plaintiff violates Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using any language, other than the debt collector's address, on any envelope when communicating with a consumer.

55. Plaintiff immediately opened the subject Envelopes because it contained the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

56. MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" violates Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using any language, other than the debt collector's address, on any envelope when communicating with a consumer.

57. MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" violates Section 1692f(8) of the FDCPA because these words intended to create, and does create, a false sense of urgency to so-called least sophisticated and/or unsophisticated consumers.

WHEREFORE, Plaintiff KRISTINA ANGLE respectfully requests that this Honorable Court:

    a. declare that the IMPORTANT INFORMATION ENCLOSED Envelope violates Section 1692f(8) of the FDCPA;

    b. enjoin Defendant MCM from using the IMPORTANT INFORMATION ENCLOSED Envelope in conjunction with any future collection letters;

    c. award Plaintiff statutory damages of up to $1,000; and

    d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count II – Class Action Claim for Violations of Section 1692f(8) of the FDCPA**

58. Plaintiff KRISTINA ANGLE realleges the above paragraphs as though fully set forth herein.

59. More that forty consumers with addresses located within this Judicial District were mailed collection letters inside of IMPORTANT INFORMATION ENCLOSED Envelopes.

60. The factual and legal issues related to the lawfulness of MCM mailing collection letters inside of IMPORTANT INFORMATION ENCLOSED Envelopes are common and typical for all proposed class members.

61. MCM's use of the IMPORTANT INFORMATION ENCLOSED Envelope satisfies the elements of typicality, commonality, predominance and superiority.

62. On information and belief, consumers may have paid their debts as a result of MCM's above violations of the FDCPA.

63. Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed collection where the underlying debts were originally owed to Capital One, N.A. Union Plus MasterCard branded credit card and the envelopes used by MCM were embossed with the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

64. If MCM desires, the proposed class can be expanded to include all Capital One, N.A. Union Plus MasterCard branded credit cards within the entire State of Ohio.

65. The proposed class can be expanded to include all Capital One, N.A. credit cards if MCM admits that Capital One, N.A. credit cards do not contain arbitration clauses.

66. The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends. The class is subject to amendment if there are less than 40 class members who received the subject envelope or letter from the above identified creditor.

67. The proposed class can be defined by MCM's records.

WHEREFORE, Plaintiff KRISTINA ANGLE respectfully requests that this Honorable Court:

    a. declare that the IMPORTANT INFORMATION ENCLOSED Envelope violates Section 1692f(8) of the FDCPA;

    b. enjoin Defendant MCM from using the IMPORTANT INFORMATION ENCLOSED Envelope in conjunction with any future collection letters;

    c. award class members maximum statutory damages;

    d. award class members actual damages if they paid their subject debts after receiving a collection letter in the IMPORTANT INFORMATION ENCLOSED Envelope; and

    e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count III – Class Action Claim Pursuant to Section1692e of the FDCPA**

68. Plaintiff KRISTINA ANGLE realleges the above paragraphs as though fully set forth herein.

69. More that forty consumers with addresses located within this Judicial District were mailed collection letters similar to the Letter received by Plaintiff where the letters contained *unidentified* "Bi-weekly payments" and the phrase "[w]e are not obligated to renew any offers provided."

70. The factual and legal issues related to the lawfulness of MCM mailing of similarly formatted letters and the use of the phrase "[w]e are not obligated to renew any offers provided" are common and typical for all proposed class members.

71. Section 1692e of the FDCPA prohibits a debt collector using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

72. As explained above, the transmittal of the Letter inside of an envelope embossed with the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" where the Letter *failed* to identify a bi-weekly payment amount and included phrase "[w]e are not obligated to renew any offers provided" constitutes a false, deceptive and/or misleading representation or means in the connection of the collection of a consumer debt in violation of Section 1692e of the FDCPA.

73. These allegations satisfy the elements of typicality, commonality, predominance and superiority.

74. The proposed Letter based 1692e class is defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters where the letters failed to identify any bi-weekly payment amount and contained the phrase "[w]e are not obligated to renew any offers provided" where the underlying debts were originally owed to Capital One, N.A. Union Plus MasterCard branded credit card.

75. If MCM desires, the proposed class can be expanded to include all Capital One, N.A. Union Plus MasterCard branded credit cards within the entire State of Ohio.

76. The proposed class can be expanded to include all Capital One, N.A. credit cards if MCM admits that Capital One, N.A. credit cards do not contain arbitration clauses.

**WHEREFORE**, Plaintiff KRISTINA ANGLE respectfully requests that this Honorable Court:

    a. declare that the Letter violated Section 1692e the FDCPA by (a) mailing the Letter inside of the IMPORTANT INFORMATION ENCLOSED Envelope, (b) by failing to identify any bi-weekly payment amount and including the phrase "we are not obligated to renew any offers";

    b. Enjoin MCM from using the letter as it is currently formatted;

    c. Enjoin MCM from using the IMPORTANT INFORMATION ENCLOSED Envelope;

    d. require MCM to prominently use the phrase "we may, but are not obligated to, renew this offer" in any future collection letters that provided discounted payment options;

    e. award Plaintiff statutory damages of $1,000;

    f. award class members maximum statutory damages; and

    g. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count IV – Class Action Claim Pursuant § 1692e(2)(A) of the FDCPA**

77. Plaintiff KRISTINA ANGLE incorporates realleges the above paragraphs as though fully set forth herein.

78. More that forty consumers with addresses located within this Judicial District were mailed collection letters similar to the Letter received by Plaintiff where the letters contained *unidentified* "Bi-weekly payments" and the phrase "[w]e are not obligated to renew any offers provided."

79. The factual and legal issues related to the lawfulness of MCM mailing of similarly formatted letters and the use of the phrase "[w]e are not obligated to renew any offers provided" are common and typical for all proposed class members.

80. Section 1692e(2)(A) prohibits "[t]he false representation of - the character, amount, or legal status of any debt."

81. As explained above, the transmittal of the Letter inside of an envelope embossed with the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" where the Letter *failed* to identify a bi-weekly payment amount and included phrase "[w]e are not obligated to renew any offers provided" constitutes a false, deceptive and/or

misleading representation or means in the connection of the collection of a consumer debt in violation of Section 1692e(2)(A) of the FDCPA.

82. At least 40 persons with addresses from within this District were sent a collection letter by MCM where the collection letter was mailed inside an IMPORTANT INFORMATION ENCLOSED Envelope within one year of the filing of this lawsuit and the collection letters contained settlement offers and the phrase "[w]e are not obligated to renew any offers provided".

83. These allegations satisfy the elements of typicality, commonality, predominance and superiority.

84. The proposed Letter based Section 1692e(2)(A) class is defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters where the letters failed to identify any bi-weekly payment amount and contained the phrase "[w]e are not obligated to renew any offers provided" where the underlying debts were originally owed to Capital One, N.A. Union Plus MasterCard branded credit card.

85. If MCM desires, the proposed class can be expanded to include all Capital One, N.A. Union Plus MasterCard branded credit cards within the entire State of Ohio.

86. The proposed class can be expanded to include all Capital One, N.A. credit cards if MCM admits that Capital One, N.A. credit cards do not contain arbitration clauses.

**WHEREFORE**, Plaintiff KRISTINA ANGLE respectfully requests that this Honorable Court:

a. declare that the Letter violated Section 1692e(2)(A) the FDCPA by (a) mailing the Letter inside of the IMPORTANT INFORMATION ENCLOSED Envelope, (b) by failing to identify any bi-weekly payment amount and including the phrase "we are not obligated to renew any offers";

b. Enjoin MCM from using the letter as it is currently formatted;

c. Enjoin MCM from using the IMPORTANT INFORMATION ENCLOSED Envelope;

    d.  require MCM to prominently use the phrase "we may, but are not obligated to, renew this offer" in any future collection letters that provided discounted payment options;

    e.  award Plaintiff statutory damages of $1,000;

    f.  award class members maximum statutory damages; and

    g.  award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count V – Class Action Claim Pursuant § 1692e(10)(A) of the FDCPA**

87. Plaintiff KRISTINA ANGLE incorporates realleges the above paragraphs as though fully set forth herein.

88. More that forty consumers with addresses located within this Judicial District were mailed collection letters similar to the Letter received by Plaintiff where the letters contained *unidentified* "Bi-weekly payments" and the phrase "[w]e are not obligated to renew any offers provided."

89. The factual and legal issues related to the lawfulness of MCM mailing of similarly formatted letters and the use of the phrase "[w]e are not obligated to renew any offers provided" are common and typical for all proposed class members.

90. Section 1692e(10) specifically prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

91. As explained above, the transmittal of the Letter inside of an envelope embossed with the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" where the Letter *failed* to identify a bi-weekly payment amount and included phrase "[w]e are not obligated to renew any offers provided" constitutes a false, deceptive and/or misleading representation or means in the connection of the collection of a consumer debt in violation of Section 1692e(10) of the FDCPA.

92. At least 40 persons with addresses from within this District were sent a collection letter by MCM where the collection letter was mailed inside an IMPORTANT INFORMATION ENCLOSED Envelope within one year of the filing of this lawsuit and the collection letters contained settlement offers and the phrase "[w]e are not obligated to renew any offers provided".

93. These allegations satisfy the elements of typicality, commonality, predominance and superiority.

94. The proposed Letter based Section 1692e(10) class is defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters where the letters failed to identify any bi-weekly payment amount and contained the phrase "[w]e are not obligated to renew any offers provided" where the underlying debts were originally owed to Capital One, N.A. Union Plus MasterCard branded credit card.

95. If MCM desires, the proposed class can be expanded to include all Capital One, N.A. Union Plus MasterCard branded credit cards within the entire State of Ohio.

96. The proposed class can be expanded to include all Capital One, N.A. credit cards if MCM admits that Capital One, N.A. credit cards do not contain arbitration clauses.

**WHEREFORE**, Plaintiff KRISTINA ANGLE respectfully requests that this Honorable Court:

a. declare that the Letter violated Section 1692e(10) the FDCPA by (a) mailing the Letter inside of the IMPORTANT INFORMATION ENCLOSED Envelope, (b) by failing to identify any bi-weekly payment amount and including the phrase "we are not obligated to renew any offers";

b. Enjoin MCM from using the letter as it is currently formatted;

c. Enjoin MCM from using the IMPORTANT INFORMATION ENCLOSED Envelope;

d. require MCM to prominently use the phrase "we may, but are not obligated to, renew this offer" in any future collection letters that provided discounted payment options;

17

     e.    award Plaintiff statutory damages of $1,000;

     f.    award class members maximum statutory damages; and

     g.    award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count VI – Class Action Claim Pursuant § 1692f of the FDCPA**

97.    Plaintiff KRISTINA ANGLE incorporates realleges the above paragraphs as though fully set forth herein.

98.    More that forty consumers with addresses located within this Judicial District were mailed collection letters similar to the Letter received by Plaintiff where the letters contained *unidentified* "Bi-weekly payments" and the phrase "[w]e are not obligated to renew any offers provided."

99.    The factual and legal issues related to the lawfulness of MCM mailing of similarly formatted letters and the use of the phrase "[w]e are not obligated to renew any offers provided" are common and typical for all proposed class members.

100.    Section 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

101.    As explained above, the transmittal of the Letter inside of an envelope embossed with the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" where the Letter *failed* to identify a bi-weekly payment amount and included phrase "[w]e are not obligated to renew any offers provided" constitutes a false, deceptive and/or misleading representation or means in the connection of the collection of a consumer debt in violation of Section 1692f of the FDCPA.

102.    At least 40 persons with addresses from within this District were sent a collection letter by MCM where the collection letter was mailed inside an IMPORTANT INFORMATION

ENCLOSED Envelope within one year of the filing of this lawsuit and the collection letters contained settlement offers and the phrase "[w]e are not obligated to renew any offers provided".

103. These allegations satisfy the elements of typicality, commonality, predominance and superiority.

104. On information and belief, consumers may have paid their debts as a result of MCM's above violations of the FDCPA.

105. The proposed class is defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters where the letters contain the phrase "[w]e are not obligated to renew any offers provided" where the underlying debts were originally owed to Capital One, N.A. Union Plus MasterCard branded credit card.

106. If MCM desires, the proposed class can be expanded to include all Capital One, N.A. Union Plus MasterCard branded credit cards within the entire State of Ohio.

107. The proposed class can be expanded to include all Capital One, N.A. credit cards if MCM admits that Capital One, N.A. credit cards do not contain arbitration clauses.

**WHEREFORE**, Plaintiff KRISTINA ANGLE respectfully requests that this Honorable Court:

a. declare that the Letter violated Section 1692f the FDCPA by (a) mailing the Letter inside of the IMPORTANT INFORMATION ENCLOSED Envelope, (b) by failing to identify any bi-weekly payment amount and including the phrase "we are not obligated to renew any offers";

b. Enjoin MCM from using the letter as it is currently formatted;

c. Enjoin MCM from using the IMPORTANT INFORMATION ENCLOSED Envelope;

d. require MCM to prominently use the phrase "we may, but are not obligated to, renew this offer" in any future collection letters that provided discounted payment options;

e. award Plaintiff statutory damages of $1,000;

19

     f.   award class members maximum statutory damages; and

     g.   award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

*Plaintiff demands a jury trial*

Respectfully submitted, on behalf of
Plaintiff KRISTINA ANGLE,

Date: 7/7/2020

*/s/ James C. Vlahakis*

James C. Vlahakis
SULAIMAN LAW GROUP, LTD.
2500 South Highland Ave.,
Suite 200
Lombard, IL  60148
(630) 575 – 8181
jvlahakis@sulaimanlaw.com