**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| KRISTINA M. ANGLE, | Case No. 1:20-cv-01500-DCN |
| Plaintiff, | (JUDGE DONALD C. NUGENT) |
| -vs- | |
| MIDLAND CREDIT MANAGEMENT, INC., | |
| Defendant. | |

**MIDLAND CREDIT MANAGEMENT, INC.'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

For its Answer and Affirmative Defenses to the Complaint of Plaintiff Kristina M. Angle ("Plaintiff"), on behalf of herself and others similarly situated, Defendant Midland Credit Management, Inc. ("Midland") states as follows:

**Parties, Jurisdiction and Venue**

1. Midland lacks knowledge or information sufficient to form a belief as to the truth of the allegations pled in paragraph 1 and therefore denies them.

2. Midland admits that Plaintiff purports to bring an action under the FDCPA, but Midland denies that she states a claim for relief and Midland denies that it engaged in any unlawful conduct. Midland lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations pled in paragraph 2 and therefore denies them.

3. Midland admits the allegations pled in paragraph 3.

4. The allegations set forth in Paragraph 4 of the Complaint call for a legal conclusion and therefore do not require a response by Midland. To the extent any further response is required, Midland admits only that 15 U.S.C. § 1692a(6) speaks for itself.

Midland is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 of the Complaint and therefore denies the same.

5. The allegation in Paragraph 5 of the Complaint stating "[t]he Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1337" is a legal conclusion to which no response is required. To the extent a response is required, Midland admits only that Plaintiff purports to state a claim within the jurisdiction of this Court, but Midland denies that Plaintiff actually sets forth a claim for which she is entitled to relief.

6. The allegations in Paragraph 6 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Midland admits only that Plaintiff purports to state a claim within the venue of this Court, but Midland denies that Plaintiff actually sets forth a claim for which she is entitled to relief.

7. The allegations in Paragraph 7 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Midland admits only that Plaintiff purports to state a claim within the venue of this Court, but Midland denies that Plaintiff actually sets forth a claim for which she is entitled to relief.

8. The allegations in Paragraph 8 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Midland admits only that Plaintiff purports to state a claim within the venue of this Court, but Midland denies that Plaintiff actually sets forth a claim for which she is entitled to relief.

## Background Allegations

9. Midland admits only that Plaintiff opened a credit card account with Capital One, N.A. ("Capital One")(the "Account") and that she incurred a debt to Capital One, but Midland lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations pled in paragraph 9 and therefore denies them.

10. Midland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and therefore denies the same.

11. Midland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and therefore denies the same.

12. Midland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and therefore denies the same.

13. Midland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore denies the same.

14. Midland admits only that it sent a letter to Plaintiff in an attempt to collect on the Account, but Midland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and therefore denies the same.

15. The allegations in Paragraph 15 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Midland is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 of the Complaint and therefore denies the same.

16. Midland admits only that it sent to Plaintiff letters in envelopes to attempt to collect on the Account, the terms of which letters and envelopes speak for themselves. Midland denies the remaining allegations in Paragraph 16.

17. Midland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and therefore denies the same.

18. Midland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and therefore denies the same.

19. Midland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and therefore denies the same.

20. Midland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and therefore denies the same.

21. Midland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and therefore denies the same.

22. Midland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and therefore denies the same.

23. Midland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and therefore denies the same.

24. Midland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and therefore denies the same.

25. Midland denies the allegations in Paragraph 25 of the Complaint.

26. Midland denies the allegations in Paragraph 26 of the Complaint.

27. Midland denies the allegations in Paragraph 27 of the Complaint.

28. Midland states only that the letter and envelope incorporated into Plaintiff's Complaint are written documents that speaks for themselves. To the extent any further response is required or to the extent Plaintiff's allegations are inconsistent with the terms of those written documents, Midland denies the allegations. Midland denies any and all remaining allegations in Paragraph 28 of the Complaint.

29. Midland states only that the letter incorporated into Plaintiff's Complaint is a written document that speaks for itself. To the extent any further response is required or to the extent Plaintiff's allegations are inconsistent with the terms of that written document, Midland denies the allegations. Midland denies any and all remaining allegations in Paragraph 29 of the Complaint.

30. Midland states only that the letter incorporated into Plaintiff's Complaint is a written document that speaks for itself. To the extent any further response is required or to the extent Plaintiff's allegations are inconsistent with the terms of that written document, Midland denies the allegations. Midland denies any and all remaining allegations in Paragraph 30 of the Complaint.

31. Midland denies the allegations in Paragraph 31 of the Complaint.

32. Midland states only that the letter incorporated into Plaintiff's Complaint is a written document that speaks for itself. To the extent any further response is required or to the extent Plaintiff's allegations are inconsistent with the terms of that written document, Midland denies the allegations. Midland denies any and all remaining allegations in Paragraph 32 of the Complaint.

33. Midland states only that the "Bi-weekly payments" proposal incorporated into Plaintiff's Complaint is a written document that speaks for itself. To the extent any further response is required or to the extent Plaintiff's allegations are inconsistent with the terms of that written document, Midland denies the allegations. Midland denies any and all remaining allegations in Paragraph 33 of the Complaint.

34. Midland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and therefore denies the same.

35. Midland denies the allegations in Paragraph 35 of the Complaint.

36. Midland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and therefore denies the same.

37. Midland denies the allegations in Paragraph 37 of the Complaint.

38. Midland states only that the letter incorporated into Plaintiff's Complaint is a written document that speaks for itself. To the extent any further response is required or to the extent Plaintiff's allegations are inconsistent with the terms of that written document, Midland denies the allegations. Midland denies any and all remaining allegations in Paragraph 38 of the Complaint.

39. Midland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and therefore denies the same.

40. Midland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and therefore denies the same.

41. Midland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and therefore denies the same.

42. Midland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and therefore denies the same.

43. Midland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and therefore denies the same.

44. Midland states only that the letter incorporated into Plaintiff's Complaint is a written document that speaks for itself. To the extent any further response is required or to the extent Plaintiff's allegations are inconsistent with the terms of that written document, Midland denies the allegations. Midland denies any and all remaining allegations in Paragraph 44 of the Complaint.

45. Midland denies the allegations in Paragraph 45 of the Complaint.

46. Midland states that the allegations seek or assert legal conclusions to which no response is required. To the extent a response is required, Midland states that the FDCPA and case law interpreting the same speak for themselves. Midland denies any and all remaining allegations in Paragraph 46 of the Complaint.

47. Midland denies the allegations in Paragraph 47 of the Complaint.

48. Midland states that the allegations seek or assert legal conclusions to which no response is required. To the extent a response is required, Midland states that the FDCPA and case law interpreting the same speak for themselves. Midland denies any and all remaining allegations in Paragraph 48 of the Complaint.

49. Midland states that the allegations seek or assert legal conclusions to which no response is required. To the extent a response is required, Midland states that the FDCPA and case law interpreting the same speak for themselves. Midland denies any and all remaining allegations in Paragraph 49 of the Complaint.

50. Midland states that the allegations seek or assert legal conclusions to which no response is required. To the extent a response is required, Midland states that the FDCPA and case law interpreting the same speak for themselves. Midland denies any and all remaining allegations in Paragraph 50 of the Complaint.

51. Midland denies the allegations pled in paragraph 51.

52. The allegations in Paragraph 52 of the Complaint state factual conclusions to which no response is required. To the extent a response is required, Midland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint and therefore denies the same.

## Causes of Action
### Count 1

53. Midland incorporates by reference the responses contained in Paragraphs 1-52 above as if fully restated herein.

54. Midland denies the allegations in Paragraph 54 of the Complaint.

55. Midland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint and therefore denies the same.

56. Midland denies the allegations in Paragraph 56 of the Complaint.

57. Midland denies the allegations in Paragraph 57 of the Complaint.

To the extent the allegations following the word "WHEREFORE" are deemed part of Plaintiff's Complaint, Midland denies the allegations.

## Count II

58. Midland incorporates by reference the responses contained in Paragraphs 1-57 above as if fully restated herein.

59. Midland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint and therefore denies the same.

60. Midland denies the allegations in Paragraph 60 of the Complaint.

61. Midland denies the allegations in Paragraph 61 of the Complaint.

62. Midland denies the allegations in Paragraph 62 of the Complaint.

63. Midland denies the allegations in Paragraph 63 of the Complaint.

64. Midland denies the allegations in Paragraph 64 of the Complaint.

65. Midland denies the allegations in Paragraph 65 of the Complaint.

66. Midland denies the allegations in Paragraph 66 of the Complaint.

67. Midland denies the allegations in Paragraph 67 of the Complaint.

To the extent the allegations following the word "WHEREFORE" are deemed part of Plaintiff's Complaint, Midland denies the allegations.

## Count III

68. Midland incorporates by reference the responses contained in Paragraphs 1-67 above as if fully restated herein.

69. Midland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint and therefore denies the same.

70. Midland denies the allegations in Paragraph 70 of the Complaint.

71. Midland states that the allegations seek or assert legal conclusions to which no response is required. To the extent a response is required, Midland states that the FDCPA speaks for itself. Midland denies any and all remaining allegations in Paragraph 71 of the Complaint.

72. Midland denies the allegations in Paragraph 72 of the Complaint.

73. Midland denies the allegations in Paragraph 73 of the Complaint.

74. Midland states that the allegations seek or assert legal conclusions to which no response is required. To the extent a response is required, Midland denies any and all remaining allegations in Paragraph 74 of the Complaint.

75. Midland denies the allegations in Paragraph 75 of the Complaint.

76. Midland denies the allegations in Paragraph 76 of the Complaint.

To the extent the allegations following the word "WHEREFORE" are deemed part of Plaintiff's Complaint, Midland denies the allegations.

## **Count IV**

77. Midland incorporates by reference the responses contained in Paragraphs 1-76 above as if fully restated herein.

78. Midland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint and therefore denies the same.

79. Midland denies the allegations in Paragraph 79 of the Complaint.

80. Midland states that the allegations seek or assert legal conclusions to which no response is required. To the extent a response is required, Midland states that the FDCPA speaks for itself. Midland denies any and all remaining allegations in Paragraph 80 of the Complaint.

81. Midland denies the allegations in Paragraph 81 of the Complaint.

82. Midland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Complaint and therefore denies the same.

83. Midland denies the allegations in Paragraph 83 of the Complaint.

84. Midland states that the allegations seek or assert legal conclusions to which no response is required. To the extent a response is required, Midland denies any and all remaining allegations in Paragraph 84 of the Complaint.

85. Midland denies the allegations in Paragraph 85 of the Complaint.

86. Midland denies the allegations in Paragraph 86 of the Complaint.

To the extent the allegations following the word "WHEREFORE" are deemed part of Plaintiff's Complaint, Midland denies the allegations.

## Count V

87. Midland incorporates by reference the responses contained in Paragraphs 1-86 above as if fully restated herein.

88. Midland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint and therefore denies the same.

89. Midland denies the allegations in Paragraph 89 of the Complaint.

90. Midland states that the allegations seek or assert legal conclusions to which no response is required. To the extent a response is required, Midland states that the FDCPA speaks for itself. Midland denies any and all remaining allegations in Paragraph 90 of the Complaint.

91. Midland denies the allegations in Paragraph 91 of the Complaint.

92. Midland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 of the Complaint and therefore denies the same.

93. Midland denies the allegations in Paragraph 93 of the Complaint.

94. Midland states that the allegations seek or assert legal conclusions to which no response is required. To the extent a response is required, Midland denies any and all remaining allegations in Paragraph 94 of the Complaint.

95. Midland denies the allegations in Paragraph 95 of the Complaint.

96. Midland denies the allegations in Paragraph 96 of the Complaint.

To the extent the allegations following the word "WHEREFORE" are deemed part of Plaintiff's Complaint, Midland denies the allegations.

## Count VI

97. Midland incorporates by reference the responses contained in Paragraphs 1-96 above as if fully restated herein.

98. Midland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 of the Complaint and therefore denies the same.

99. Midland denies the allegations in Paragraph 99 of the Complaint.

100. Midland states that the allegations seek or assert legal conclusions to which no response is required. To the extent a response is required, Midland states that the FDCPA speaks for itself. Midland denies any and all remaining allegations in Paragraph 100 of the Complaint.

101. Midland denies the allegations in Paragraph 101 of the Complaint.

102. Midland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the Complaint and therefore denies the same.

103. Midland denies the allegations in Paragraph 103 of the Complaint.

104. Midland denies the allegations in Paragraph 104 of the Complaint.

105. Midland states that the allegations seek or assert legal conclusions to which no response is required. To the extent a response is required, Midland denies any and all remaining allegations in Paragraph 105 of the Complaint.

106. Midland denies the allegations in Paragraph 106 of the Complaint.

107. Midland denies the allegations in Paragraph 107 of the Complaint.

To the extent the allegations following the word "WHEREFORE" are deemed part of Plaintiff's Complaint, Midland denies the allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims may be precluded or limited by the existence of an arbitration clause or class action waiver provision in the agreement between Plaintiff and the original creditor.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

This Court is not a proper venue, or this Court may lack jurisdiction to adjudicate some or all of Plaintiff's claims.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred or limited by the applicable doctrines of waiver, unclean hands, estoppel, and/or laches.

### SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's alleged damages, if any, were cause or contributed to by a third party over whom Midland did not exercise any dominion or control.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, were not directly or proximately caused by Midland's alleged conduct.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate or minimize her alleged damages, if any.

### NINTH AFFIRMATIVE DEFENSE

To the extent any violation of the FDCPA or any other legal standard occurred, which Midland expressly denies, the violation was the result of a *bona fide* error notwithstanding the existence of policies or procedures to prevent or preclude such an error.

### TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is entitled to damages, which Midland expressly denies, Midland is entitled to an offset of those damages for any amount Plaintiff owes to Midland.

### ELEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims may be barred by Plaintiff's own conduct contributing to the alleged harm.

### TWELFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims may be barred or limited by the applicable doctrine of res judicata.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot satisfy all of the elements or requirements under Rule 23 of the Federal Rules of Civil Procedure to pursue this case as a class action.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by her failure to join necessary and indispensable parties under Rule 19 of the Federal Rules of Civil Procedure.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to pursue her claims.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred because Midland's alleged actions or inactions do not constitute false or misleading representations under 15 USC §1692e.

## **SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred because Midland's alleged actions or inactions do not constitute unfair or unconscionable means to collect or attempt to collect any debt under 15 USC §1692f.

## **EIGHTEENTH AFFIRMATIVE DEFENSE**

MCM will show and rely upon at the time of trial that Plaintiff is not entitled to attorneys' fees under 15 USC §1692k.

## **NINETEENTH AFFIRMATIVE DEFENSE**

Midland reserves the right to amend its Answer and assert any additional affirmative defenses as discovery progresses or as new information becomes available to Midland.

Respectfully submitted,

/s/ **H. Toby Schisler**
H. Toby Schisler, Esq. (0068306)
DINSMORE & SHOHL, LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Phone: (513) 977-8200
Fax: (513) 977-8141
toby.schisler@dinsmore.com
***Counsel for Defendant Midland Credit Management, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing **Answer** was served upon the following via the Court's CM/ECF filing system on August 11, 2020.

>James C. Vlahakis
>SULAIMAN LAW GROUP, LTD
>2500 South Highland Avenue, Suite 200
>Lombard, IL 60148
>Ph: (630) 575-8181
>jvlahakis@sulaimanlaw.com
>***Counsel for Plaintiff***

/s/ ***H. Toby Schisler***